Fuller, J.
I am of opinion that upon the foreclosure of a mechanics’ lien upon premises of the owner under the statute, the court has power to direct a sale *116 Tby referee, as on the foreclosure of a mortgage. The last clause of section 6 of chapter 489 of Laws of 1873 is broad enough to include it. It is that the supreme court and county courts “ shall have full power to adjust and enforce all the rights and equities between all or any of said parties, and enforce or protect the same by any of the remedies usual in said courts.” * One of *117 the usual remedies in said courts for the enforcement of liens upon real estate is the sale of the premises incumbered by a lien, by a referee appointed for that purpose, as a master in chancery under the old practice. The design of the clause above quoted was to confer upon the supreme and county courts full equity powers in these cases, as well in regard to remedies as the adjudication of rights. An execution to the sheriff in such cases might often be an inadequate remedy. The provision in section 14, after the regulation of the trial of issues in these cases, that judgment thereupon shall be enforced, if for the claimant, as provided by this act, *118 has reference, I think, to the last clause of section 6, as aforesaid,—that is, by any of the remedies usually employed in said courts.
This view is strengthened by a reference to this section as it stood in the act of 1854, before it was amended in 1873. The last clause of the section then read, "and the judgment thereupon shall be enforced, if for the claimant, as provided by section 11 of this act,” —which was the same as it is now in the act of 1873. Again, section 16 of the act of 1873 provides for filing with the clerk of the county transcripts of justices’ judgments for the foreclosure of mechanics’ liens, and the docketing of the same, and then adds: ‘ ‘ And theréupon such judgment shall become a judgment of the county court, and enforcible in all respects as provided by section 11 of this act.” But the full equity powers conferred by section 6 upon the supreme and county courts are not conferred upon the justices’ courts, and their powers remain the same as were conferred on the supreme and county courts by the lien law of 1854. Now if that is the only mode of enforcing a judgment of foreclosure and sale upon a mechanics’ lien intended to be conferred by said section 14 as it now stands, it certainly would not have been amended in 1873 by striking out the words ‘ ‘ and the judgment thereupon shah be enforced, if for the claimant, as provided by section 11 of this act.” Such an amendment in that case would be worse than useless. Section 11, nloreover, only authorizes a sale for the enforcement of the claimant’s lien upon a default and assessment of damages, and makes no provision for a sale to satisfy the lien of a subsequent or prior lienor, and there is no authority in the act to issue an execution for that purpose. The claimant may fail to establish his 'lien, but other lienors may obtain judgment in their favor, and a' sale of the premises may be necessary to enforce their liens ; and unless the court can *119 appoint a referee to make it, it may fail in the administration of the enlarged equity powers conferred upon it in the act by sections 6 and 15. By section 15 it is clothed with power to declare the interests of all parties who have been made parties to the proceedings, and to conclude the whole controversy in one final decision ; and for that purpose to render judgment and make such order or decree in favor of or against any one or more of the parties, severally or jointly, as may be just.
Reading section 15 and the last clause of section 6 together, it seems to me that their meaning cannot be mistaken, and that the intent was to clothe the courts with all the powers which they have upon the foreclosure of a mortgage at law and in equity.
And then section 24 provides for any deficiency after a sale. The sheriff, when he sells under judgment for the enforcement of a mechanics’ lien, may do it as sheriff in cases where execution issues to him for that purpose, and in other cases as referee.
Motion denied.

 For the corresponding provisions in other lien laws, see the following:
The Kings and Queens counties act (L. 1862, p. 948, c. 478, § 2) provides that the lienor may enforce the lien “by a civil action in a court of record in the city or county in which such lands, or any portion of them, may be situated ; subject, however, to the following provisions and restrictions, namely :
“ Mr st. The manner and form of instituting and prosecuting any such action to judgment, including the personal service of process therein, shall be the same as in other civil actions in the court in which the same may be brought, except as herein otherwise provided.”
After providing' for the form of summons and complaint, and that the pleadings shall be in manner, form and substance the same. as required by law in civil actions, &c., it continues as follows: “ such action shall be brought to an issue and to trial, put upon the calendar, tried, judgment had and entered, and appeal be taken therefrom, and costs taxed and recovered pursuant to such law, rules and practice in such civil actions in which the summons is, . . . and such action shall be governed and the judgment therein enforced in the same manner as upon issues joined and judgments rendered in all other such civil actions aforesaid.”
The Buffalo act (2 L. 1871, p. 1981, c. 872, § 7) provides, that upon default of the owner, the clerk of the court may assess the amount due, and ‘ ‘ judgment shall be entered, ■ .establishing the amount of said lien, with the costs, and execution shall issue thereupon.” Section 8 provides, “that when the amount of the' lien claimed shall exceed the sum of fifty dollars, the claimant may bring his action to enforce the same in the supreme court, the superior court of Buffalo, or the county court of Erie county, at the option of said claimant, and such courts shall have full jurisdiction of the same.”
The Mew York city act (L. 1875, p. 437, c. 379) provides as follows: “§ 9. Any claimant who has filed the notice mentioned in the *117 fifth section of this act, may enforce his claim against the property therein described, and against the persons liable for the debt by a civil action in a court of record held in said city.”
"§ 10. The manner and form of instituting and prosecuting any such action to judgment and any appeal from such judgment shall be the same as in actions for the foreclosure of mortgages of real property, except as otherwise provided.”
The Rensselaer county act (1 L. 1866, p. 14, c. 788 of 1865, § 10) provides that in actions to enforce the lien in the supreme court or county court, on failure of the owner to appear as required by the summons given in pursuance of the requirements of the act, the amount of the “claim may be assessed by the said county clerk, . . . and upon the assessment of damages as aforesaid, judgment shall be entered upon such assessment establishing the amount of said lien, with the costs and disbursements, and execution shall thereupon issue for the collection and enforcement of said claim, so adjudicated and established, in the same manner as executions upon other judgments in said courts in actions arising on contract for the recovery of money, only except that the execution shall direct the officer to sell the right, title and'interest, which the owner had in the premises at the time of filing the notice prescribed in the fourth section of this act or at any time thereafter.” ,
Section 18 provides, that such actions in those courts shall be governed and tried in all respects as other issues joined and judgment rendered in other actions arising on money demands upon contracts in said courts, and the judgment thereupon shall be enforced if for the claimant as provided by the tenth section of this act, and if for the owner, as in other actions arising on contract.”